FILED

2018 NOV 13 PM 3: 36

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA BLACKLOCK, ) Case No.:
) 6:18-cv-1949-Orl-28TBS
Plaintiff, )
v. )
)
KOHLS DEPARTMENT STORES, ) JURY TRIAL DEMANDED
INC., )
)
Defendant. )

## COMPLAINT

LAURA BLACKLOCK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHLS DEPARTMENT STORES, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and for pendant state law claims 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012)

3. Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Casselberry, Florida 32707.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

10. Defendant is a corporation with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

11. As a part of its regular business, Defendant attempts to collect debt from natural persons for amounts owed on Kohl's credit accounts.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or about 2016 and continuing through March 2017, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

16. During this time Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

17. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would be greeted with either a recorded message identifying Defendant or a noticeable silence or delay with no caller on the phone before the call was transferred to a live representative or dropped.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents in or around November 2016 and told them to stop calling.

20. Plaintiff repeated this request on numerous occasions after this first request.

21. Despite requests to stop calling, Defendant continued to call Plaintiff on her cellular telephone up through March 2017.

22. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting.

23. Defendant's calls were not placed for emergency purposes.

24. Upon information and belief, Defendant conducts business in a manner which violates the TCPA and the FCCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant initiated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

28. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant's calls were to Plaintiff were not made for "emergency purposes."

30. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Any person attempting to collect a consumer debt violate § 559.72(7)

by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

36. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff between the summer of 2015 and early 2017, calling over and over again despite knowing its calls were unwanted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAURA BLACKLOCK, respectfully prays for a judgment as follows:

    a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    c. The greater of all actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A); or

    d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B); or

  e. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3); and

  f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

  g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAURA BLACKLOCK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: November 8, 3018  By: /s/ Amy L. Bennecoff Ginsburg
           Amy L. Bennecoff Ginsburg, Esq.
           Fla. Bar No.: 1002337
           Kimmel & Silverman, P.C.
           30 East Butler Pike
           Ambler, PA 19002
           Phone: (215) 540-8888
           Facsimile: (877) 788-2864
           Email: aginsburg@creditlaw.com